UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| LORI LYNN MARKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO.: 1:18-CV-28-TLS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Lori Lynn Marks seeks review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying her application for supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied her supplemental security income, in part, by failing to incorporate both severe and non-severe limitations into the mental Residual Functional Capacity assessment and hypothetical to the vocational expert.

**BACKGROUND**

On July 2, 2014, the Plaintiff protectively filed an application for supplemental security income, alleging disability beginning on May 1, 2002. (R. 31.) Her claims were denied initially on January 5, 2015, and also upon reconsideration on March 6, 2015. (*Id.*) On September 21, 2016, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) The Plaintiff's husband and Micha A. Daoud, a vocational expert (VE), also appeared and testified at the hearing. (*Id.*) On January 3, 2017, the ALJ denied the Plaintiff's application, finding she was not disabled as of her application date. (R. 31–41.) On December 8,

2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On February 6, 2018, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. *Id.* § 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In this case, the ALJ found that the Plaintiff has not engaged in substantial gainful activity since July 2, 2014, the application date. (R. 33.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under § 416.920(c). In this case, the ALJ determined that the Plaintiff had the following severe impairments: low back and neck disorder, subaverage intellectual functioning, adjustment disorder with mixed and depressed mood, and asthma. (R. 33.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do, despite her limitations—to determine whether she can perform "past relevant work," § 416.920(A)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 416.920(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1, and found that the Plaintiff had mild restrictions in activities of daily living, moderate difficulties with social functioning, and moderate difficulties with concentration, persistence, and pace. (R. 35.) The ALJ determined that the Plaintiff had the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except that:

> [T]he claimant should avoid concentrated exposure to fumes, odors, dusts, gases and other similar respiratory irritants. The claimant can understand, remember and carry out simple instructions and tasks. The claimant can make judgments on simple work related decisions. She can respond appropriately to occasional interactions with coworkers and supervisors. She should avoid work involving the general public, and she can deal with routine changes in a routine work setting.

(R. 36.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her application date. In making this finding, the ALJ considered all of the claimant's symptoms and the extent to which the symptoms could be reasonably accepted as consistent with the objective

3

medical evidence and other evidence based on the requirements for 20 C.F.R. § 416.929 and SSRs 96-4p and 96-7p. (R. 36.)

The Plaintiff has no past relevant work experience. (R. 24.) However, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 40.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of the date of her application. (R. 41.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment

for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the ALJ failed to incorporate all of the claimant's limitations supported by the medical record. Namely, the Plaintiff contends that the ALJ's RFC assessment does not properly account for the Plaintiff's limitations in concentration, persistence, and pace because the ALJ did not weigh consultative examiner Dr. Paula Neuman's assessment that the Plaintiff's "ability to understand, remember, and carryout simple instructions in a sustained manner is impaired." (R. 278.)

5

An ALJ's RFC determination must incorporate all of the claimant's limitations that are supported by the medical record. *See Varga v. Colvin*, 794 F.3d 809, 813 (7th Cir. 2015). "[T]he ALJ need[s] to consider the *aggregate* effect of th[e] entire constellation of ailments—including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003). "The fact that [an impairment] standing alone is not disabling is not grounds for the ALJ to ignore [it] entirely—it is [its] impact in combination with [the claimant's] other impairments that may be critical to his claim." *Yurt v. Colvin*, 758 F.3d 850, 860 (7th Cir. 2014). That is, "a competent evaluation of [a claimant's] application depends on the total effect of all his medical problems." *Golembiewski*, 322 F.3d at 918. *See also Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) ("As we—and other circuits—have emphasized repeatedly . . . the *combined* effects of the applicant's impairments must be considered, including impairments that considered one by one are not disabling."). Moreover, when "there are documented limitations of concentration, persistence, and pace, the hypothetical question presented to the VE must account for these limitations." *Winsted v. Berryhill*, 915 F.3d 466, 471 (7th Cir. 2019).

In this case, the ALJ held: "With regard to concentration, persistence or pace, the claimant has moderate difficulties." (R. 35.) The ALJ explicitly referenced Dr. Neuman's finding that the Plaintiff "appeared to have only minor challenges focusing during the examination" and that the Plaintiff's "immediate, recent and remote memory seemed adequate." (R. 35.) The ALJ also noted the Plaintiff's and the Plaintiff's husband's testimony against "evidence demonstrating Plaintiff's ability to care for her own daily hygiene, maintain appointments, read the Bible, and shop with family. (R. 37–39.) The ALJ discounted the Plaintiff's low WAIS-IV score showing a full-scale IQ of 60 by citing to Dr. Neuman's impression that the claimant at times did not put forth her best possible effort during the WAIS-IV test. (R. 36, 39.)

Yet, unaddressed, contrary evidence exists between the ALJ's RFC assessment and Dr. Neuman's assessment of the Plaintiff's ability to undertake simple tasks and instructions. The ALJ stated in her RFC assessment and hypothetical to the VE that: "The claimant can understand remember and carry out simple instructions and tasks." (R. 36, 78.) Dr. Neuman, however, stated in her D5M-5 Diagnostic Impression that the claimant's "ability to understand, remember, and carryout simple instructions in a sustained manner is impaired." (R. 278.) It is unclear from the ALJ's opinion how, or if, the ALJ reconciled the inconsistency between Dr. Neuman's observations and the ALJ's RFC assessment and hypothetical to the VE.

The Commissioner contends that the ALJ explained the inconsistency between the RFC assessment and Dr. Neuman's findings. According to the Commissioner, the ALJ weighed Dr. Neuman's statement regarding the Plaintiff's ability to understand, remember, and carry out simple tasks against Dr. Neuman's assessment that the Plaintiff did not put forth much of an effort during her examination. (R. 278.) A reading of Dr. Neuman's assessment, however, suggests that Dr. Neuman's observation that Plaintiff did not put forth her best effort was confined to the Plaintiff's effort on the WAIS-IV test used to score the Plaintiff's IQ. (*Id.*) In that same vein, the ALJ only referenced Dr. Neuman's impression that the Plaintiff did not put forth her best effort when the ALJ considered the weight to give the Plaintiff's IQ score of 60. (R. 36, 39.) The ALJ did not examine Dr. Neuman's opinion regarding the Plaintiff's lack of best efforts to discount any other aspect of Dr. Neuman's examination or analysis. Therefore, the Commissioner's argument that the ALJ considered and weighed Dr. Neuman's observation that the Plaintiff was impaired in understanding, remembering, and carrying out simple tasks is unpersuasive.

As the ALJ does not explicitly trace her reasoning for discounting Dr. Neuman's observation that the Plaintiff was impaired in understanding, remembering, and carrying out simple tasks and instructions, the Court must remand the case. It may be that the ALJ weighed Dr. Neuman's observation in the RFC assessment. But, without the ALJ's reasoning made explicit, this Court finds that the "logical bridge" is absent. *Terry*, 580 F.3d at 475 (internal quotation marks and citation omitted). The Seventh Circuit has repeatedly emphasized that ALJs must "sufficiently articulate their assessment of the evidence to assure us that they considered the important evidence." *Scott v. Barnhart*, 297 F.3d 589, 585 (7th Cir. 2002). And "[a]n ALJ must articulate, at a minimum, her analysis of the evidence in order to allow the reviewing court to trace the path of his reasoning and to be assured that the ALJ properly considered the evidence." *Boyer v. Commissioner of Soc. Sec.*, No. 4:13-CV-45, 2014 WL 4639512, at *5 (N.D. Ind. Sept. 16, 2014) (internal citations omitted).

Remand is especially warranted in this case in light of *Winsted v. Berryhill*, 915 F.3d at 471, where the Seventh Circuit provided that where limitations in concentration, persistence, and pace are found, the ALJ must direct the VE to consider such limitations. In the hypothetical to the VE, the ALJ employed language indicating that the Plaintiff can understand, remember, and carry out simple tasks (R. 78)—which appears inconsistent with the ALJ's finding that the Plaintiff had moderate difficulties with concentration, persistence, and pace (R. 35). Consequently, remand is necessary to resolve the inconsistency in the ALJ's findings regarding concentration, consistence, and pace, with the ALJ's hypothetical to the VE.

On remand, the ALJ must explicitly weigh Dr. Neuman's statements that claimant's "ability to understand, remember, and carryout simple instructions in a sustained manner is impaired." (R. 278.) After the ALJ has conducted such a balancing of the evidence, the ALJ's

8

findings should be reflected in the RFC and hypothetical to the VE. Because the Court is remanding on this issue, the Court need not consider the remainder of the parties' arguments.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on March 11, 2019.

                                           s/ Theresa L. Springmann
                                           CHIEF JUDGE THERESA L. SPRINGMANN
                                           UNITED STATES DISTRICT COURT